UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**  :  | |
| : | Criminal No.  05-216 (RMU) |
| **v.** : | |
| : | |
| **MARCUS MITCHELL,** : | |
| : | |
| **Defendant.**  : | |

**GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

  The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct on the part of the defendant which is relevant to defendant's intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") .  In support of its motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

  1.  The defendant is charged in a four count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), and Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).

  2.  At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows: On May 5, 2005, at approximately 7:25 pm, officers from the Metropolitan Police Department (MPD) were on patrol in the 400 block of

Burbank Street, Southeast, Washington, DC when they observed a blue Cadillac STS bearing DC tags double parked and blocking the flow of traffic. The officers exited their cruiser and approached the Cadillac, at which time the defendant was observed to be sitting in the front passenger seat. The officers made contact with the defendant and the driver of the vehicle, and observed a bottle labeled "Remy Martin" on the front passenger seat between the driver and the defendant along with a clear plastic cup inside the cup holder which contained a liquid consistent in color and odor with an alcoholic beverage. The defendant then picked up the cup and stated, "[t]hat's mine, he's not drinking. I am. I'm 21." In response, the officers asked the defendant to step out of the vehicle and place his hands on the vehicle.

      The defendant stepped out of the vehicle and then attempted to flee toward the rear of the vehicle. As the officers attempted to grab the defendant he was able to shake off his jacket, which fell to the ground. The officers were able to place the defendant in handcuffs despite his continued efforts to resist. The defendant was placed under arrest for Possession of an Open Container of Alcohol. A search of the defendant's person incident to arrest revealed 12 small ziplocks baggies containing a white rock-like substance located in his left front pants pocket. Recovered in the defendant's right front pants pocket was one ziplock bag containing a green weed-like substance . A field test conducted on the white rock-like substance was positive for the presence of cocaine, while the field test performed on the green weed-like substance was positive for the presence of THC.

      As the defendant was being placed under arrest and searched, his mother came on the scene, at which time he spontaneously told her several times to pick up his jacket. As the defendant's mother began to approach the jacket the officers instructed her not to touch the

jacket. The officers then recovered the defendant's jacket and found inside the left pocket a .40 caliber semi-automatic pistol loaded with eight rounds of ammunition, including one round in the chamber. The gun was test fired and found to be operable. This type of gun and ammunition are not manufactured in the District of Columbia. As indicated in the indictment, the defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia Criminal Case No. F-2776-02.

    3.    In this case, the government seeks to introduce evidence of the defendant's previous possession with intent to distribute cocaine and prior use of firearms. Specifically, the government intends to introduce evidence of the facts and circumstances related to the following convictions:

    a. Defendant's conviction on September 27, 2004 in the Superior Court of the District of Columbia, case F-2776-02, for Attempted Possession with Intent to Distribute Cocaine. Pursuant to a plea agreement, the defendant plead guilty to the aforementioned offense.

    b. Defendant's juvenile adjudication on November 15, 2001 in the Superior Court of the District of Columbia, case J1746-2001, for Possession with Intent to Distribute Cocaine While Armed. Pursuant to a plea agreement, the defendant plead guilty to the aforementioned offense.

    4.    Regarding the defendant's conviction in case F-2776-02, the government expects to introduce evidence that on May 4, 2002, at approximately 1:19 am, officers from the MPD were on patrol in the 400 block of Burbank Street, Southeast, Washington, DC, when they observed a group of people standing on the sidewalk and in the street in front of xxx xxxxxxx xxxxxx, SE. As the officers approached the group, the defendant looked in the direction of the officers and

fled on foot to the entrance of xxx xxxxxxx xxxxxx. The defendant attempted to gain entry into the building, but was unsuccessful. As the officers approached the defendant, he was observed to toss an object to the ground. The officers stopped the defendant and recovered the object that he had dropped, which was revealed to be a plastic ziplock bag containing 22 small ziplock baggies filled with a rock-like substance. Also recovered from the defendant's right hand was $321.00 in U.S. Currency. A chemical analysis conducted by the Drug Enforcement Administration Laboratory on the rock-like substance revealed that it was cocaine base with a net weight of 2.1 grams.

     Regarding the defendant's conviction in case J1746-2001, the government expects to introduce evidence that on September 14, 2001, at approximately 8:55 pm, officers of the MPD were on patrol in the 400 block of Burbank Street, SE, Washington, DC, when they observed the defendant standing between two parked vehicles opposite xxx xxxxxxx xxxxxx. As one of the officers stepped from his unmarked vehicle the defendant fled on foot while clutching his right side waistband. As the officer pursued the defendant down an alley between Chaplin and Burbank Streets, the officer observed the defendant run to a grassy area behind xxx xxxxxxx xxxxxx. The officer then observed the defendant run back across the alley and toss what appeared to be a white baggie. The defendant was apprehended in the alley across from the rear yard of xxx xxxxxxx xxxxxx. Recovered from the rear yard of xxx xxxxxxx xxxxxx was a Metropolitan Police Department Glock 17 9mm pistol affixed with a laser sight and loaded with 20 rounds of ammunition. Also recovered from the ground was a clear baggie containing 23 ziplock bags of a rock-like substance which field tested positive for cocaine. The firearm was test fired and found to be operable.

Both of the aforementioned prior offenses provide proof in this case that the defendant's possession of the crack cocaine and a semi-automatic handgun on May 5, 2005, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[1]

5.      Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other

---

[1] The Government will provide discovery to defense counsel regarding the aforementioned convictions.

crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

6. As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

7. In the instant case, the government must prove that the defendant knowingly and intentionally possessed the gun and ammunition that were ultimately recovered from his jacket. Furthermore, with respect to the crack cocaine charges, in order to prove beyond a reasonable doubt the charge of possession with intent to distribute, the government must show that the defendant knowingly possessed the drugs in this case, i.e. that he "did so knowingly and intentionally. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently." See Criminal Jury Instructions (the "Red Book"), Instruction 4.29. The jury

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession." Red Book, Instruction 3.08. The jury will further be instructed that the government must prove the defendant's specific state of mind with respect to these drugs, that is, that he intended to <u>distribute</u> them. Red Book, Instruction 4.29. Therefore, the government's burden of proving intentional possession, lack of mistake or accident, and intent to distribute is substantial, and is directly addressed by the proffered evidence.

"As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, <u>especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct</u>." <u>United States v. Clarke</u>, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing <u>Huddleston</u>, 485 U.S. at 685) (emphasis added in <u>Clarke</u>). Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e. prior possession to prove knowledge, intent, and absence of mistake regarding current possession, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in <u>Crowder</u>, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive. The Court in <u>Crowder</u> stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession. <u>See</u> Fed.R.Evid. 401, advisory committee notes.

<u>Id.</u> at 1209 n. 5. The government seeks to do nothing more in the instant case – <u>i.e.</u>, to show the defendant's intent, knowledge, or absence of mistake with respect to the drugs and gun he possessed. <u>Id.</u>

All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the drugs, gun, and ammunition in this case. Moreover, this evidence is also probative in showing that the defendant's possession of the drugs, gun, and ammunition were not the result of mistake or accident. The significant probative value of the evidence here is clearly <u>not</u> outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

8.     Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of firearms and drugs is admissible as 404(b) evidence. See <u>United States v. Cassell</u>, 292 F.3d 788, 792 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room"). As the Court of Appeals noted in <u>Cassell</u>, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." <u>Id</u>. at 793 (citation omitted).

In <u>United States v. Brown</u>, 16 F.3d 423, 424-26 (D.C. Cir. 1994), the defendant had been charged with multiple drug and firearms charges. The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown. <u>Id</u>. at 423-26. When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment. <u>Id</u>. at 424.

In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 404(b) in a trial of the original charges for the items in the safe. Id. at 429, 430-32. Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. As the Court commented in next finding the evidence admissible under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432. While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." Id. at 432. See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.), cert. denied, 522 U.S. 940 (1997) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack); See also Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992), cert. denied, 507 U.S. 922 (1993) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug

transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); United States v. (Michael) Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

Several decisions from other circuits have similarly held that possession of narcotics and/or firearms on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under

Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun).

9.      Recently, the D.C. Circuit held that the Government may not introduce evidence of a prior gun possession to prove that the accused <u>actually</u> possessed a gun at a later point in time.  <u>See</u> <u>United States v. Harold Linares</u>, 367 F.3d 941 (D.C. Cir. 2004).  In <u>Linares</u>, the court held that evidence of prior possession of a handgun was not admissible pursuant to Rule 404(b) to show knowledge in a prosecution pursuant to 18 U.S.C. § 922(g)(1), where the defendant was alleged to have had actual possession of the gun.  The court reasoned that in light of the Government's other evidence presented at trial, a reasonable juror could have found that the defendant possessed the firearm only by concluding that he held it in his hand.  However, under the facts of the instant case the Government will be proceeding under a theory of constructive possession, accordingly, <u>Linares</u> does not control the Rule 404(b) inquiry.

Even if the Court determines that <u>Linares</u> controls in this case, there are significant factors which distinguish this case from the facts in <u>Linares</u>.  Unlike in <u>Linares</u>, a jury in this case may reasonably doubt any proof of actual possession and focus on the issue of constructive possession, for which knowledge is a contested issue.  At this time, there is no evidence that defendant Mitchell was observed in actual possession of the handgun seized from his jacket or the narcotics recovered from his pants.  The gun in this case was recovered from inside the defendant's jacket pocket, which came off his person while he was attempting to flee from the police.  The narcotics were recovered from inside the defendant's pants pocket.  If the jury is to credit the police officers' testimony that the defendant was wearing the jacket before it fell to the ground, it could still find that the defendant did not have knowledge of the presence of the gun

inside his jacket pocket. However, if the jury discredits the officers testimony that the defendant was wearing the jacket, it could still find that the jacket belonged to the defendant and that he had knowledge of the gun inside the jacket pocket. See United States v. Garner, 396 F.3d 438, 442-445 (D.C. Cir. 2005). A similar scenario exists for the narcotics found in the defendant's pants pocket. The jury could find that the defendant did not have knowledge of the narcotics recovered from his pants pocket, because there will be no testimony that anyone observed him actually handle the narcotics.

Since the gun was ultimately recovered from the jacket at a time when the jacket was on the ground, it is conceivable that the defendant might argue that the jacket did not belong to him, and/or that he was not wearing the jacket at the time of his arrest. The defendant might also argue that he was unaware of the contents of his pants pockets, and that the pants did not belong to him. Therefore, unlike in Linares, the jury could reasonably find that the defendant did not touch the gun or drugs in the police officers' presence, but that he nonetheless had the power to exercise control over these items. However, the jury could also reasonably doubt that the defendant knew about the presence of the gun and/or drugs found in his jacket and pants. Nowhere does Linares suggest that under such circumstances it is error to admit evidence offered to establish the defendant's knowledge. Evidence of the defendant's prior possession of drugs and firearms should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident.

Here, the proffered evidence of other crimes bears a close relationship to the offenses charged. The proffered evidence will clearly demonstrate among other things, the defendant's specific intent, motive, knowledge, and the absence of mistake.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY
    BAR NO. 451058

_____

    STEVEN B. WASSERMAN
    ASSISTANT UNITED STATES ATTORNEY
    D.C. BAR NO. 453-251
    NARCOTICS SECTION
    (202) 307-0031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Motion to Admit Other Crimes Evidence Pursuant Federal Rule of Evidence 404(b) is to be served upon counsel for the defendant, Lara Quint, Esquire, this 28th day of June, 2005.

_____

    STEVEN B. WASSERMAN
    ASSISTANT UNITED STATES ATTORNEY