**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Cr. No. 05-216 (RMU)** |
| **MARCUS MITCHELL,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**
**AND INCORPORATED MEMORANDUM IN SUPPORT AND**
**REQUEST FOR EVIDENTIARY HEARING**

Defendant, Marcus Mitchell, through undersigned counsel, respectfully moves this

Honorable Court to suppress as evidence against him at trial all evidence seized by law

enforcement agents as the fruit of an illegal stop, search, and arrest. The motion is made pursuant

to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.  An evidentiary hearing

on this motion is respectfully requested.

BACKGROUND

On June 2, 2005, Mr. Mitchell was charged in a four count indictment with Unlawful

Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by

Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922 (g) (Count One);

Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§

841(a)(1) and 841 (b)(1)( c ) (Count Two); Using, Carrying and Possessing a Firearm During a

Drug Trafficking Offense, in violation of 18 U.S.C. § 924 ( c ) (1) (Count Three); and Simple

Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a) (Count Four).

STATEMENT OF FACTS[1]

On May 5, 2005, at approximately 7:25 p.m., members of the Sixth District Focus Mission Unit were on patrol on the 400 block of Burbank Street. The officers allegedly conducted a traffic stop on a blue Cadillac and observed Mr. Mitchell seated in the front passenger seat. A second individual was seated in the driver's seat. The officers allegedly observed a bottle labeled Remy Martin on the front passenger seat located between the two front-seat occupants of the vehicle, as well as a plastic cup containing a liquid substance consistent in color and odor with alcohol. Mr. Mitchell allegedly made a series of statements to the officers before being ordered to step outside the vehicle. Mr. Mitchell was placed under arrest. A search following arrest allegedly revealed twelve small ziplock bags containing a white rock-like substance and one ziplock bag containing a weed-like substance. In addition, the search allegedly revealed a .40 caliber semi-automatic handgun.

DISCUSSION

I.    ALL OF THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE TAINTED FRUIT OF MR. MITCHELL'S ILLEGAL STOP AND ARREST.

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." See also Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures

---

[1]This statement of the facts is a summary based on the P.D. 163 police report. By including in this motion the facts as alleged by government witnesses, Mr. Mitchell does not in any way concede that these facts are accurate or true.

to be "reasonable," they must be supported by a limited exception such as probable cause.  See

New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985).  In the instant case, the stop and arrest of

Mr. Mitchell were conducted without a warrant, and Mr Mitchell's stop, search, and seizure by

law enforcement officers were unreasonable considering that he was stopped, searched and

seized without any probable cause or based on any other legitimate exception to the warrant

requirement.  Therefore, Mr. Mitchell's stop, search and seizure violated the Fourth Amendment

of the United States Constitution, and exclusion of the evidence recovered as a result of the

Fourth Amendment violation—the firearms and the ammunition—is the proper remedy.  See

Wong Sun v. United States, 371 U.S. 471 (1963).

As discussed above, Mr. Mitchell asserts that his warrantless stop and seizure violated the

Fourth Amendment.  In such cases, the government has the burden of showing probable cause in

order to justify the police conduct.  Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460

U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).  See also Katz v.

United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958).  The

government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the

facts and circumstances known to the arresting officer at the time he seized Mr. Mitchell justified

that seizure and the subsequent search.  United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C.

1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949).

In this case, evidence adduced at an evidentiary hearing will establish that Mr. Mitchell's

stop and seizure were unlawful and that there was no probable cause to support his arrest.

Because all of the evidence was recovered after Mr. Mitchell was illegally seized, the physical

evidence must be suppressed as the tainted fruit of the illegal seizure.  Taylor v. Alabama, 457

U.S. 687 (1982); Wong Sun v. United States, 371 U.S. 471 (1963).

II.    **MR. MITCHELL'S STATEMENTS MUST BE SUPPRESSED AS FRUITS OF AN ILLEGAL SEIZURE AND OBTAINED IN VIOLATION OF  <u>MIRANDA V. ARIZONA</u> AND HIS FIFTH AMENDMENT RIGHTS.**

Mr. Mitchell suffered an illegal stop and arrest.  Since the stop of Mr. Mitchell was invalid and unjustified, any statements made by Mr. Mitchell are also inadmissible under the Exclusionary Rule.  The Exclusionary Rule applies to exclusion of derivative evidence, both tangible and testimonial, that is the product of unlawfully seized evidence or is acquired as an indirect result of such conduct.  <u>Wong Sun v. United States</u>, 371 U.S. 471, 487-88 (1963).  In <u>Brown v. Illinois</u>, 422 U.S. 590, 605 (1975), the Court found that statements made after an illegal detention were irreparably tainted by illegal detention.  As a result, the illegal seizure of Mr. Mitchell mandates not only that the physical evidence recovered by that seizure be suppressed, but that any statements be suppressed as well.  Alternatively, if this Court finds that the seizure of Mr. Mitchell was not unreasonable, Mr. Mitchell's statements should be suppressed as violative of <u>Miranda v. Arizona</u>, and of Mr. Mitchell's Fifth Amendment rights.

Before introducing any statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary.  <u>See</u> <u>Lego v. Twomey</u>, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker."  <u>Culombe v. Connecticut</u>, 367 U.S. 568, 602 (1961).  The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation."  <u>Mincey v. Arizona</u>, 437 U.S. 385, 402 (1978).  The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily.  <u>Fikes v. Alabama</u>, 352 U.S. 191 (1957); <u>see also</u>  <u>Gallegos v. Colorado</u>, 370 U.S. 49 (1962)

(determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear the defendant's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607. The Court must examine the defendant's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980). Here, the evidence at a hearing will show that any statements made by Mr. Mitchell were made involuntarily and thus must be suppressed under the Fifth Amendment.

Even if the statements were made voluntarily, Miranda requires suppression of Mr. Mitchell's statements during the government's case-in-chief because he was not adequately apprized of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

In the case at hand, once the police officers conducted the traffic stop, Mr. Mitchell was

in custody for purposes of *Miranda*, because his freedom of movement was constrained.

Accordingly, any statements made must be suppressed and any evidence seized as a result of

those statements must be suppressed as well.

The government bears the heavy burden of establishing that proper <u>Miranda</u> warnings

were given to the defendant and that an intelligent and voluntary waiver of those rights occurred

prior to questioning of the defendant.  <u>Miranda</u>, 384 U.S. at 475.  As the Court recognized in

<u>Moran v. Burbine</u>, 475 U.S. 412 (1986),

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  Only if the "totality of circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the <u>Miranda</u> rights have been waived.

*Id*. at 421.

In the present case, the facts and circumstances surrounding the arrest of the defendant do

not support a finding either (1) that Mr. Mitchell was adequately apprized of his <u>Miranda</u> rights,

or (2) that any alleged waiver of his <u>Miranda</u> rights was a knowing, voluntary, and intelligent

one.  Thus, the statements must be suppressed, as well as any evidence seized as a result of those

statements.

## **CONCLUSION**

For the foregoing reasons, and any other reasons that the Court may deem just and

reasonable, Mr. Mitchell requests that the Court suppress any evidence and statements obtained

by the officers as a result of his illegal arrest.  Mr. Mitchell respectfully requests an evidentiary

hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500


CERTIFICATE OF SERVICE

　　I, Lara Gabrielle Quint, Assistant Federal Public Defender, hereby certify that a copy of the motion has been electronically served upon Steve Wasserman, Esquire, Assistant United States Attorney

/s/
LARA G. QUINT
Assistant Federal Public Defender


DATE: June 28, 2005.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____
Erica J. Hashimoto
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing motion was served by mail on May 16, 2003 to:

John Irving, Esq.
Office of the United States Attorney
for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20001


_____
Erica J. Hashimoto