UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  05-216 (RMU) |
| v. : | |
| : | |
| MARCUS MITCHELL, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE  609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609, and hereby moves the Court to admit such evidence of prior convictions.  In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this motion:

**I. Background.**

1. The defendant is charged in a four count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), and Simple Possession of a Controlled Substance, in violation of 21 U.S.C § 844(a).  Defendant has been previously convicted of the following offenses:

      a.      the felony offense of Attempted Possession with Intent to Distribute Cocaine, in the Superior Court of the District of Columbia, on September 27, 2004, for which he was sentenced to a suspended jail sentence of two years, and two years of probation, which began on September 27, 2004;

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). The aforementioned offense for which the defendant has been convicted was punishable by more than one year of imprisonment. In addition, this conviction was entered within the last ten years. This Court should permit the use of this conviction to impeach the defendant because the probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In Lipscomb, the Court of Appeals held that "all felony convictions have some probative value on the issue of credibility." Id. at 1062. The charges in this case arose from officers discovering crack cocaine in the defendant's pants pocket and a handgun inside of his jacket pocket, which he had taken off while the officers were attempting to place him in custody. Furthermore, at the time of the seizure and arrest, the defendant was riding as a passenger in another individual's vehicle. Accordingly, should he choose to testify, the defendant's credibility concerning whether he had possession and knowledge of the contraband, particularly the gun, or to whom this contraband belonged will be a central issue. The probative value of the conviction, therefore, is quite high. Moreover, his prior conviction, which involved a narcotics offense, is especially probative in that

it evidences a conscious disrespect for the law, and consequently for the oath and judicial proceedings, over an extended period of time.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id. Here, the prejudicial effect of using these convictions for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). This case presents the same issue confronted by the court in Lewis. In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950. The defendant's conviction is certainly probative on the defendant's credibility.

**III. Fed. R. Evid. 609(b).**

4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, as stated above, the defendant's conviction satisfies this temporal requirement. Thus, the conviction may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes, and hereby moves the Court to admit such evidence of prior conviction.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY
    BAR NO. 451058

    _____
    STEVEN B. WASSERMAN
    ASSISTANT UNITED STATES ATTORNEY
    D.C. BAR NO. 453-251
    NARCOTICS SECTION
    (202) 307-0031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609 is to be served upon counsel for the defendant, Lara Quint, Esquire, this 28th day of June, 2005.

    _____
    STEVEN B. WASSERMAN
    ASSISTANT UNITED STATES ATTORNEY