UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  05-216 (RMU) |
| v. : | |
| : | |
| MARCUS MITCHELL, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSES:

A.   The essential elements of the offense of Unlawful Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) are:

1. That the defendant possessed a controlled substance;

2. That the defendant possessed the controlled substance knowingly and intentionally;

3. That when the defendant possessed the controlled substance he had the specific intent to distribute it; and

4. That the possession with intent to distribute involved a detectable amount of a substance or mixture that contained cocaine base.

B.   The essential elements of Using, Carrying or Possessing a Firearm During a Drug

1

       Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1) are:

       1.       That the defendant knowingly used, carried or possessed a firearm; and

       2.       Either the defendant carried or used the firearm during and in relation to, or that he possessed the firearm in furtherance of, the drug trafficking offense of possession with the intent to distribute cocaine base, or crack cocaine as charged in the indictment.

II.       <u>COPY OF THE PLEA AGREEMENT</u>:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.       <u>PENALTIES</u>:

    A.       Pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(C), the crime of Unlawful Possession With Intent to Distribute Cocaine Base carries a penalty of a term of imprisonment of not more than 20 years, a fine of not more than $1 million, and a term of supervised release of at least 3 years.

    B.       Pursuant to 18 U.S.C. § 924(c)(1)(A)(i), the crime of Using, Carrying or Possessing a Firearm During a Drug Trafficking Offense carries a penalty of a term of imprisonment of not less than 5 years to run consecutively with any other sentence imposed, a fine of $250,000, and a term of supervised release of not more than 3 years.

IV.       <u>FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA</u>:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On May 5, 2005, at approximately 7:25 pm, officers from the Metropolitan Police

Department (MPD) were on patrol in the 400 block of Burbank Street, Southeast, Washington, DC when they observed a blue Cadillac STS bearing DC tags double parked and blocking the flow of traffic. The officers exited their cruiser and approached the Cadillac, at which time the defendant was observed to be sitting in the front passenger seat. The officers made contact with the defendant and the driver of the vehicle, and observed a bottle labeled "Remy Martin" on the front passenger seat between the driver and the defendant along with a clear plastic cup inside the cup holder which contained a liquid consistent in color and odor with an alcoholic beverage. The defendant then picked up the cup and stated, "[t]hat's mine, he's not drinking. I am. I'm 21." In response, the officers asked the defendant to step out of the vehicle and place his hands on the vehicle.

The defendant stepped out of the vehicle and then attempted to flee toward the rear of the vehicle. As the officers attempted to grab the defendant he was able to shake off his jacket, which fell to the ground. The defendant was apprehended and placed under arrest for Possession of an Open Container of Alcohol. A search of the defendant's person incident to arrest revealed 12 small ziplocks baggies containing a white rock-like substance located in his left front pants pocket. Recovered in the defendant's right front pants pocket was one ziplock bag containing a green weed-like substance. A field test conducted on the white rock-like substance was positive for the presence of cocaine base, while the field test performed on the green weed-like substance was positive for the presence of THC.

The officers then recovered the defendant's jacket and found inside the left pocket a Taurus .40 caliber semi-automatic pistol loaded with eight rounds of ammunition, including one round in the chamber.

The defendant knowingly and intentionally possessed the firearms, ammunition, and crack cocaine described in this proffer. The defendant admits that the firearm was operable.

The suspected narcotics seized from the defendant's person were forwarded to the Drug Enforcement Administration Mid-Atlantic Laboratory for analysis. The results of the analysis indicated that the substance found in the defendant's pants was cocaine base, also known as crack, with a net weight of 1.5 grams.

At trial, the government would have called an expert witness to testify that the quantity, packaging, and value of the seized crack cocaine is consistent with amounts commonly intended for distribution by drug traffickers. The expert witness would have also testified that the substance seized in this case was cocaine base, commonly known as crack cocaine, which can be consumed through smoking.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete statement of all facts and events related to these offenses. The limited purpose of the factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the aforementioned offenses, which are charged in the indictment.

    Respectfully submitted,
    KENNETH L. WAINSTEIN
    United States Attorney

    _____
    STEVEN B. WASSERMAN
    Assistant United States Attorney
    Organized Crime and Narcotics Section
    555 4th Street, N.W.   Room #4114
    Washington, DC 20530
    (202) 307-0031; Fax: 514-8707

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Leonard Long, Esq., this 27th day of September 2005.

                _____
                Steven Wasserman
                Assistant United States Attorney