IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | Case No. 05-216 (RMU) |
| MARCUS MITCHELL | : | |

## DEFENDANT MARCUS MITCHELL'S MEMORANDUM
## IN AID OF SENTENCING

Comes Now Defendant Marcus Mitchell, by and through his undersigned Counsel, Leonard L. Long, Jr. and submits the following Memorandum In Aid of Sentencing.

The Supreme Court's decision in United States vs. Booker, 125 S. Ct 738(2005), that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principle articulated in Blakely vs. Washington, 124 S. Ct. 2531 (2004) allows the Court to return to traditional notions of sentencing without fear of reprisal. Ever since the advent of the mandatory sentencing guidelines, Judges have lost their ability to exercise "real" discretion in the imposition of sentences upon criminal defendant's. More often than not, during the hayday of the sentencing guidelines, Judges have been obligated (without recourse) to impose sentences that even they thought were to harsh or too extreme under a particular set of facts and circumstances. Now that the Sentencing Guidelines are no longer mandatory, Judges have been presented with the opportunity to be Judges again when it comes to imposing fair and just sentences on criminal defendant's who appear before them.

Although the Sentencing Guidelines remain a factor (among other factors) that a sentencing court should consider, it appears that a sentencing court is also free to reject

the guidelines as too harsh and/or extreme based upon a particular set of facts and/or circumstances.

In the instant case Defendant Mitchell's "advisory" guideline sentence is purported to be between 30 and 37 months. However, a minimum term of 5 years imprisonment required by Statute to be imposed for the commission of the criminal offense of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense (count 3) and said sentence is to run consecutive with any other sentence. Translated, this means that Defendant Mitchell is subjected to a sentence in excess of 5 years incarceration for the offenses in which he has entered a guilty plea.

A sentence in excess of 5 years incarceration does not take into account Defendant's potential for rehabilitation nor would it adequately it provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner (After 5 years Defendant would or could avail himself to training in a unconstitutional setting).

The evidence presented herein indicates that Defendant committed a criminal offense involving narcotics and a firearm. Defendant, Mitchell readily admitted his involvement in the charged offense and entered a guilty plea at an early stage in the proceedings. The fact that Defendant possessed a firearm while at the same time possessing a quantity of narcotics mandates a lengthier and harsher sentence than what he would otherwise be facing pursuant to the plea agreement. Had not a firearm been involved Defendant's purported advisory guideline sentence would be approximately 2 ½ to 3 years. According to the pre-sentence report Defendant is eligible for a sentence of probation as to the criminal offense of **Unlawful Possession With Intent to Distribute Cocaine Base (count 2)**. Where, as here, Defendant is facing a mandatory minimum

sentence of 5 years for an offense committed (count 3) in connection with count 2, it is not an abuse of the Court's discretion to consider a sentence of probation or suspended sentence as to count two while imposing the mandatory minimum statutory term of 5 years incarceration as to count 3 on this Defendant.

Defendant Mitchell is a twenty-one (21) year old male who is the father of one child, a high school graduate and a lifelong resident of the District of Columbia. Although Mr. Mitchell has had prior contact with the criminal justice system his familial background suggests that he does not have an ingrained criminal nature and that age 22, Defendant, Mitchell is not beyond reclamation.

The Defendant is the product of a caring and close-knit family. He enjoys substantial family support for his efforts toward self-rehabilitation and attempts to re-direct his life after the instant criminal episode which has formed the basis of the Government's case against him. While it cannot be disputed that the Defendant had a firearm in his possession during the commission of the charged criminal offense, there is nothing in his record that suggests a continued use or possession of firearms by the Defendant.

A mandatory minimum of 5 years incarceration as to Defendant, Marcus Mitchell will certainly address:

1. The nature and circumstances of the offense and the history and characteristics of Mr. Mitchell; and

2. The need for the sentence imposed.

Mr. Mitchell understands and realizes that punishment (incarceration) is warranted and inevitable for his conduct in this matter. However, Defendant through counsel submits that a total term of incarceration in excess of 5 years for the instant

offenses would be unduly harsh under the circumstances of the offense(s), to being into account the need for punishment, the need to protect the community and the Defendants need for rehabilitation. A sentence of 5 years incarceration would surely serve as adequate punishment for the charged offenses while at the same time protect the public from "further" crimes of the Defendant. Five years is also ample time for Defendant to take advantage of educational and vocational opportunities or other correctional treatment available at his designated Federal Correctional Institution.

Wherefore, in view of the foregoing, it is respectfully requested that this Honorable Court exercise its considerable discretion and fashion a sentence in this matter as proposed by Defendant Mitchell through Counsel.

Respectfully Submitted,

_____
Leonard L. Long, Jr.
Attorney for Defendant Fontanelle
1818 11th Street NW
Washington, DC 20001
Bar No. 385311
(202) 467-5664

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 4th day of January, to:

| | |
|---|---|
| Steve Wasserman, Esquire | Elizabeth Suarez |
| Assistant United States Attorney | United States Probation Office |
| 555 Fourth Street, NW | United States District Court |
| Washington, DC 20530 | the District of Columbia |
| | 3rd & Constitution Avenue |
| | Washington, DC 20001 |